CABELL, J.,
delivered the opinion of the court. It is objected in this court, by the counsel for the'appellant, that the execution not having been made a part of the record, by any express order of the hustings court, or by a bill of exceptions filed for that purpose, it is not competent to the appellate *426 court, to look into it, and to compare it with the bond, for the purpose of ascertaining-, whether it gave authority for taking the bond, or whether the bond was in any manner variant from it: and we are referred, in support of this objection, to the cases of Jones v. Hull, Bronaugh v. Freeman, and Burke v. Bevy. It is true, that in those cases, the court did refuse to look into the executions. But, in all of them, the defendants, though they appeared in the court below, had made no objection to the bonds, on the ground of their being unauthorized by or variant from *the executions. This court said, their failure to make such objections in the court below, furnished ground to presume that the bonds had been rightly taken, so far as related to the executions, and therefore it would not look into the executions, to see whether that was in fact the case or not. The principle on which those cases were decided, does not apply to that which is now before us ; for here, it is expressly stated, that the bond was objected to by the defendant, and quashed by the court, on account of defects apparent on the face of the execution. This necessarily made the execution a part of the record, and imposes on the appellate court the duty to look into it, as the only means of testing the correctness of the judgment appealed from. The propriety of this course, in such a case, is much stronger than if the judgment had been by default, for want of the appearance of the defendant. Yet, it is clear, that even if the judgment had been by default, the court would look into the execution, and compare it with the bond, as was done in Glascock v. Dawson.
Booking then into the execution, the question arises, whether it was a warrant to the officer for taking the forthcoming bond? The execution was directed to the sheriff of Campbell but it was levied by the sergeant of Bynchburg, by whom also the bond was taken. It has been decided in Fngland, that mesne process, and even that kind of mesne process, which operates only in the nature of a summons, can be executed, only by the sheriff of the county to whom it is directed. Chase v. Joyce, 4 Mau. & Selw, 412. See also Grant v. Bagge, 3 Hast, 128. And it never was doubted, but that this was the case at common law, as to final process of execution. This principal of the common law has not been changed by any of our statutes, except in one particular; that an execution, writ or other process, appearing to be duly executed in other respects, shall be deemed good, though it be not directed to any sheriff. That, however, is different from this case, where the execution was in fact directed to a particular sheriff. It *gave authority to that sheriff, and to him only ; nor could he transfer that authority to any other. And even the plaintiff himself, having once made his election, to direct his execution, to the sheriff of a particular county, cannot revoke that election, but by recalling the execution, and taking out a new one. On this ground, the judgment of the circuit court is to be reversed, and that of the hustings court affirmed.